**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| DERRICK PEARSON, | ) | 2:04-CV-942-BES-RJJ |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) | |
| CLARK COUNTY, a political subdivision of the State of Nevada; RICK BISHOP; ROE CORPORATIONS I-V; and DOES I-V, | ) ) ) ) ) | |
| Defendants. | ) ) | |

On September 30, 2005, Defendants filed a Motion for Summary Judgment (#40). Plaintiff did not file an opposition. Accordingly, Defendants filed a Request to Attribute Failure of Plaintiff to Respond to Defendants' Motion for Summary Judgment as Consent to the Granting of Said Motion Pursuant to LR 7-2(d) (#41) on October 25, 2005, which resulted in a January 11, 2006 Order (#43) granting the Motion. Thereafter, Plaintiff filed a Countermotion to Set Aside Judgment (#49), pursuant to FRCP 60(b), and Plaintiff's attorney, Richard Dreitzer, filed a Motion to Withdraw (#49). On August 24, 2006 the Court entered an Order (#55) setting aside the judgment, reviving Defendants' Motion for Summary Judgment as of August 24, 2006, and instructing the parties to file and serve their respective response and reply in accordance with local rules and the Federal rules of Civil Procedure. Dreitzer's Motion to Withdraw was referred to Magistrate Judge Robert Johnston by Minute Order (#54) entered August 22, 2006. Plaintiff still has not filed a response to the Motion for Summary Judgment, which was to be filed by September 11, 2006 pursuant to LR 7-2(b). Accordingly, Defendants filed a Request to Attribute Failure of Plaintiff to Respond to Defendants' Motion

///

for Summary Judgment as Consent to the Granting of Said Motion Pursuant to LR 7-2(d) (#56) on September 13, 2006.

Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, "a nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law." See Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir. 2003) (citing Fed. R. Civ. P. 56).

The record reveals that Dreitzer remained Plaintiff's attorney of record until October 11, 2006, when the Magistrate Judge issued an Order (#57) granting his Motion to Withdraw. Thus, it remained Dreitzer's responsibility to file a timely response to Defendants' motion on behalf of Plaintiff. In the absence of an opposition, the Court has fully considered Defendants' Motion, the evidence presented, and applicable law. Defendants have affirmatively demonstrated their entitlement to summary judgment by showing that there is no genuine issue of material fact and they are entitled to judgment as a matter of law as to Plaintiff's Title VII claims of racial discrimination. Good cause appearing,

IT IS HEREBY ORDERED that Defendant's Request (#56) and Motion for Summary Judgment (#40) are both GRANTED. Having dismissed Plaintiff's federal claims, this Court declines to exercise supplemental jurisdiction over its state law claims of intentional/negligent infliction of emotional distress and negligent supervision/failure to train. See 28 U.S.C. § 1367(c)(3); Schneider v. TRW, Inc., 938 F.2d 986, 993 (9th Cir. 1991) (in the usual case in which federal law claims are eliminated before trial, the district court should decline to exercise jurisdiction over the remaining state law claims). Thus, Plaintiff's supplemental state law claims are dismissed without prejudice. The clerk of the court shall enter final judgment accordingly.

DATED: This 27th day of November, 2006.

_____
UNITED STATES DISTRICT JUDGE