# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DERRICK PEARSON, | ) |
|   Plaintiff, | ) 2:04-CV-942-BES-RJJ |
| v. | ) **ORDER** |
| CLARK COUNTY, a political subdivision of the State of Nevada; RICK BISHOP; ROE CORPORATIONS I-V; and DOES I-V, | ) |
|   Defendants. | ) |

Before the Court is Defendants' unopposed Motion for Attorney's Fees (#61), filed December 18, 2006. On January 9, 2007, the matter was referred to Magistrate Judge Robert J. Johnson, who entered an Order (#64) on February 28, 2007 requiring that Defendants "personally serve a copy of the Motion for Attorney's Fees (#61) on the Plaintiff" and file proof of service with the Court. Defendants filed a Certificate of Mailing (#65) on March 7, 2007 to advise the Court that a copy of the Motion (#61) had been mailed to Plaintiff by first class mail. Because Plaintiff failed to file an opposition or otherwise respond, Defendants filed a Request to Attribute Failure of Plaintiff to Respond to Defendants' Motion for Attorney's Fees as Consent to the Granting of Said Motion Pursuant to LR 7-2(d) (#66) on April 20, 2007. The Magistrate Judge denied Defendants' request in a May 20, 2007 Order (#67) because Defendants had failed to satisfy the Court's requirement of personally serving a copy of the Motion for Attorney's Fees (#61) on Plaintiff. The Magistrate Judge also directed Defendants to personally serve Plaintiff with a copy of the Motion for Attorney's Fees (#61) and a copy of the Order (#67). Defendants filed an Affidavit of Service on Motion for Attorney Fees (#68)

on July 2, 2007 to advise the Court that its Motion (#61) was personally served upon Plaintiff on June 26, 2007.

The Magistrate Judge submitted his Report and Recommendation (#69) on September 18, 2007, recommending that this Court deny Defendant's Motion for Attorney's Fees (#61). The basis for recommending denial is that Defendants' Affidavit of Service (#68) does not show service of the Court's Order (#67), as required. Defendants have filed a timely Objection to Report and Recommendation (#70), in which they point out that they have now complied with the Magistrate Judge's Order (#67) by accomplishing personal service upon Plaintiff of the Order (#67) by process server on September 24, 2007. (Obj. (#70), Ex. 1). Accordingly, Defendants request that this Court reject the Magistrate Judge's Report and Recommendation and order Plaintiff to file a response to the Motion for Attorney's Fees no later than October 15, 2007, which was twenty days from the date of service as forth in the Magistrate Judge's Order (#67).   Plaintiff did not file a response to Defendants' Objection.

The Court agrees that, because Defendants have complied with the Magistrate Judge's Order (#67), Defendants' Motion for Attorney's Fees should not be denied on the basis of noncompliance and Defendants' Objection (#70) is therefore sustained and the Report and Recommendation (#69) is rejected.  Plaintiff has still not filed any response to Defendants' Motion for Attorney's Fees.  However, the Court finds that it would be redundant at this point to order Plaintiff to file a response to Defendants' Motion for Attorneys' Fees, as this direction was contained in the Magistrate Judge's Order (#67) that was served upon Plaintiff over three months ago.  Accordingly, the Court now proceeds to consider the merits of Defendants' unopposed Motion for Attorney's Fees (#61).

Plaintiff, an African-American male, initiated this action against Clark County and Rick Bishop, Chief of Park Police, alleging hostile work environment and discrimination on the basis of race, in violation of Title VII, and several state law claims. On December 4, 2006, the Court granted Defendants' unopposed Motion for Summary Judgment on all of Plaintiff's federal claims and dismissed the remaining state law claims without prejudice. (Order (#58)).

///

Defendants are requesting attorney's fees in the amount of $17,629.95 because Plaintiff's Title VII claims were frivolous, unreasonable or without foundation.

A district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Crowe v. Wiltel Communications Systems, 103 F.3d 897, 900 (9th Cir. 1996) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978).  It is "the fee applicant [that] bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).  Defendants argue that Plaintiff's action was frivolous, unreasonable, or without foundation because Plaintiff not only failed to present any evidence in support of his claims to avoid summary judgment, but he also failed to oppose Defendants' Motion for Summary Judgment entirely.  It is therefore impossible for the Court to find that Plaintiff's claims were not baseless in light of his utter failure to provide any evidence or otherwise prosecute his action.  In the absence of any evidence to the contrary, and pursuant to Local Rule 7-2(d)[1], the Court has no alternative but to conclude that Plaintiff's claims are groundless and an award of fees appropriate. See Saman v. Robbins, 173 F.3d 1150, 1158 (9th Cir. 1999). The court has reviewed Defendants' evidence in support of its application and it appears that the number of hours expended on the litigation and the hourly rates are reasonable.  Because Plaintiff has failed to challenge the accuracy or the reasonableness of the fees submitted, he has conceded the reasonableness of the fees.  Good cause appearing,

///

///

---

[1] Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

1   IT IS HEREBY ORDERED that Defendants' Objection to Report and Recommendation (#70) is SUSTAINED and the Report and Recommendation (#69) is REJECTED.

   IT IS FURTHER ORDERED that Defendants' Motion for Attorney's Fees (#61) is GRANTED.

   DATED: This 7th day of January, 2008.

   _____
   UNITED STATES DISTRICT JUDGE